DYK, Circuit Judge,
with whom LINN, Circuit Judge, joins, concurring.
While I join the majority, I write separately to address what I view as the dissent’s overreading of the majority opinion.
The court appears to be unanimous in agreeing that the District of Columbia Circuit had jurisdiction to interpret the statute, and that the D.C. Circuit did not (and could not) address purely remedial questions. I read the majority opinion here as holding that as a matter of res judicata, *1377 the D.C. Circuit’s statutory interpretation bars interpreting the Unavoidable Delays clause as creating a defense to liability. However, contrary to the dissent, I do not read either the D.C. Circuit or the majority here as ordering the government to pay money damages (expectancy damages) for breach of the agreement.[1] Although I read the majority as establishing government liability, it remains open for the government to argue that the Unavoidable Delays clause bars a damages award (as opposed to some other contractual remedy such as restitution). Indeed, on its face the Unavoidable Delays clause appears only to deal with the availability of a particular remedy — money damages — and, of course, the D.C. Circuit has no jurisdiction to determine questions concerning damages remedies. Section 702 of the APA precludes the D.C. Circuit from making such determinations, whether in the form of a declaratory determination or mandamus. See 5 U.S.C. § 702 (waiving sovereign immunity only where the plaintiff is “seeking relief other than money damages”). As the Supreme Court noted in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), “[a]lmost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for ‘money damages,’ as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant’s breach of legal duty.” See also Consol. Edison Co. of N.Y., Inc. v. U.S., Dep’t of Energy, 247 F.3d 1378, 1382-83 (Fed.Cir.2001) (“Section 702 [of the APA], however, denies this sovereign immunity waiver to claims for money damages .... ”).

. See Dissent at 1384 ("[T]he D.C. Circuit ordered what is, in effect, compensatory relief. ... The D.C. Circuit exceeded its jurisdiction in [precluding the Department of Energy from relying on the Unavoidable Delays provision] and by its writ thus obligated the DOE to pay compensatory damages in a subsequent breach of contract action.”).